UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER VINCENT,

        Plaintiff,

v.                                                                                       Case No. 1:11-cv-898

COMMISSIONER OF SOCIAL                                   Hon. Hugh W. Brenneman, Jr.
SECURITY,

        Defendant.

                                        /

**OPINION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).

        Plaintiff was born on September 5, 1980 (AR 121).[1]  Plaintiff completed the 12th grade and took a nursing class (AR 142).  Plaintiff had previous employment as a bagger in a grocery store, a bus person in a restaurant, a cashier at a fast food restaurant/gas station, a CNA at a nursing home, a general laborer with a temporary staffing service and a server at a nursing home dining area (AR 137).  Plaintiff alleged a disability onset date of March 30, 2008 (AR 121).  She identified her disabling condition as a learning disability (AR 136).  Plaintiff stated that due to her disability, it is hard for her focus, requiring her "to concentrate really hard" (AR 136).  The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 24, 2010 (AR 11-17).  This

---

[1] Citations to the administrative record will be referenced as (AR "page #").

decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 30, 2008, and that she met the insured status requirements under the Act through December 31, 2010 (AR 13). Second, the ALJ found that plaintiff had severe impairments of borderline intellectual functioning and depression (AR 13). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 13). In this regard, the ALJ reviewed Listing 12.02 (organic mental disorders (AR 13).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) "except limited public contact, simple job instructions and 1 and 2 step operations" (AR 14). The ALJ also found that plaintiff has no past relevant work (AR 16).[2] At the fifth step, the ALJ determined that plaintiff could perform a range of light work, including unskilled, light jobs in the regional economy (defined as the State of Michigan) such as child care provider (4,000 jobs); office cleaner (3,500 jobs); and small product assembler (2,000 jobs) (AR 16). Accordingly, the ALJ determined that plaintiff has

---

[2] The ALJ does not explain this finding, other than to state that plaintiff "last worked as a cashier at Wendy's and had problems counting money" (AR 14). The court notes that plaintiff's Work History Report which begins in 2004, includes three full-time jobs, three part-time jobs (one of which was an unpaid position caring for her nephews) and reflects that she did not work more than eight months at any particular job (AR 145-52).

4

not been under a disability, as defined in the Social Security Act, from March 30, 2008 (the alleged onset date) through June 24, 2010 (the date of the decision) (AR 17).

### III. ANALYSIS

Plaintiff has raised three issues on appeal.

### A. The decision fails to include hypothyroidism as a severe impairment, violating the requirement that the SSA consider all of plaintiff's impairments.

Plaintiff contends that the ALJ erred by failing to include her hypothyroid condition as a severe impairment and that the ALJ "missed" her hypothyroid condition. Medical records reflect that plaintiff exhibited hypothyroidism with her first pregnancy in 2002, that this was treated for one year, that she received treatment again in January 2009, and that by February 2009 she was feeling energetic, sleeping eight hours a day and not depressed (AR 323-331). In November 2009, plaintiff reported to a health provider that she had a history of "thyroid issues" but was not taking any medication. Contrary to plaintiff's contention, the ALJ addressed her thyroid condition, noting that "[plaintiff] takes Synthroid for low thyroid" and that "[a] mental status examination revealed limited energy due to low thyroid and hepatitis" (AR 15). In addition, the ALJ considered the testimony of a medical expert, board certified psychiatrist Ashok I. Khushalani, that plaintiff's physical conditions include hepatitis C and hypothyroidism (AR 15). The fact that the ALJ did not find hypothyroidism as a severe impairment is not error requiring reversal. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d

240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* Here, the ALJ found that plaintiff suffered from severe impairments of borderline intellectual functioning and depression (AR 13). He proceeded to review plaintiff's claim through step five of the sequential process. Accordingly, the ALJ's failure to find plaintiff's thyroid condition as a severe impairments is not error requiring reversal. *See Maziarz*, 837 F.2d at 244.

> **B. The decision fails to consider the testimony of Meta Russell (plaintiff's mother), violating the requirement that the SSA consider all witness testimony.**

Plaintiff contends that the ALJ failed to consider the testimony of her mother, Meta Russell. The court disagrees. The ALJ addressed Meta Russell's testimony, which he summarized as follows:

> The claimant's mother testified that the claimant currently lives with her. While living alone, she had trouble keeping the house clean, keeping up with the bills, and caring for her hygiene. She has panic attacks when she gets overwhelmed. She needs assistance taking her medications[.]

(AR 15). Plaintiff contends that the ALJ erred for failing to discuss other aspects of Ms. Russell's testimony (e.g., that plaintiff applies for jobs because the State of Michigan requires her to do so in order to receive her cash assistance benefits and that plaintiff becomes fatigued easily, necessitating daily naps). As an initial matter, it is unnecessary for the ALJ's decision to address every piece of evidence. *See Heston*, 245 F.3d at 534-35 (ALJ's failure to discuss a doctor's report was harmless error because the reviewing court should consider all of the evidence in the record). Furthermore,

the testimony of a lay witness, such as Ms. Russell, "is entitled to perceptible weight only if it is fully supported by the reports of the treating physicians." *Simons v. Barnhart*, 114 Fed.Appx. 727, 733 (6th Cir. 2004), citing *Lashley v. Secretary of Social Security*, 708 F.2d 1048, 1054 (6th Cir.1983).

Here, there is no evidence by treating physicians which fully support Ms. Russell's testimony regarding the extent of plaintiff's thyroid problem. Accordingly, the ALJ did not commit error in failing to include additional analysis of Ms. Russell's testimony.

> **C. The decision holds plaintiff to the wrong standard of credibility, violating the requirement that the SSA assess the reasonable limitations from her impairments on her ability to work.**

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility

determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The ALJ evaluated plaintiff's credibility in determining her RFC. After reviewing Ms. Russell's testimony, the ALJ reviewed a consultative evaluation performed by an agency psychologist to establish plaintiff's current mental health(AR 296-300):

> A consultative evaluation performed on October 1,2008 documents the claimant is learning disabled and was in Special Education classes in high school. She took Wellbutrin in the past for depression. She currently is not being treated and is not on medications. She worked in a fast food restaurant and had difficulty remembering instructions. She is able to read, but has trouble with comprehension and retention. She tested positive for hepatitis C due to IV drug use and tattoos in the past. She takes Synthroid for low thyroid. She is able to do personal care and she cares for her daughter. She has a history of substance abuse in the past and has been sober since May 2007. A mental status examination revealed limited energy due to low thyroid and hepatitis; there is no evidence of hallucination, delusions, sense of persecution, or suicidal ideation; she is oriented to place, time, and person; she has good memory; her fund of knowledge is fair; judgment is good to fair; and her cognitive skills are borderline. The diagnosis is borderline intellectual functioning, substance abuse in remission and hepatitis C. The claimant is capable of low skill work. Her prognosis is good (Exhibit 5F).

(AR 15).

In addition, the ALJ considered plaintiff's claimed limitations as set forth in her Function Report dated June 22, 2008 (AR 153-62):

> The claimant noted in her disability form that she is able to prepare small meals, care for her child, do the laundry and cleaning, travel outside the home, pay bills, play games, watch television, socialize with others and attend church. She has problems with concentration, completing tasks, understanding, following instructions, and getting along with others (Exhibit 4E).

(AR 15).

The ALJ also considered the testimony of the medical expert, psychiatrist Dr. Khushalani: that the medical evidence of record documents plaintiff's borderline intellectual

8

functioning; that plaintiff was involved in drug abuse in the past and is presently in recovery; that the consultative evaluation documents a diagnosis of depression for which she is not receiving treatment; that she has hepatitis C and hypothyroidism; that the consultative examiner found that plaintiff could perform simply tasks; and that in his opinion plaintiff's ability to work is "restricted to limited public contact, simple job instructions and 1 and 2 step operations" (AR 15).

After reviewing this evidence, the ALJ determined that the testimony was not entirely credible:

> The undersigned finds that the testimony adduced at the hearing is not wholly credible or supported by the evidence as a whole insofar as the claimant alleges an inability to perform all work activity.
>
> The claimant has never been hospitalized for psychiatric problems, she is not receiving outpatient treatment, and there is no evidence of psychosis or mania. She volunteers 12 hours a week. She is actively looking for work because she receives State assistance. She is not currently on psychiatric medications. The claimant's volunteer work and active work search is consistent with an ability to perform work related activities.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(AR 15-16).

Plaintiff contends that the ALJ committed three errors in evaluating her credibility. First, the ALJ used the wrong standard in determining whether she is disabled, i.e., the ALJ used a standard of an inability "to perform all work activity" (AR 15) rather than the statutory standard of an inability to perform "substantial gainful activity," 42 U.S.C. § 423(d)(1)(a). Plaintiff's Brief at p. 20. The court disagrees. The ALJ set forth the appropriate standard of review on the first page of his decision (AR 11) and evaluated plaintiff based upon the five step sequential process (AR 13-

9

17). While evaluating plaintiff's credibility, the ALJ summarized her claims as not wholly credible or supported by the evidence "insofar as claimant alleges an inability to perform all work activity" (AR 15). The ALJ's statement (which plaintiff contests) is part of the credibility determination, not the standard applicable for establishing a disability claim. In addition, while plaintiff may not have explicitly testified that she was unable to perform all work activity, the ALJ could reasonably make this inference based upon plaintiff's testimony, her function report (which plaintiff's mother wrote out for her), and her mother's testimony, which when read together present a portrait of a person who cannot function as part of the work force (AR 26-47, 154-62).

Second, plaintiff contends that the ALJ's procedure for assessing credibility was flawed because "[the ALJ] first establishes the findings on what the RFC is and then compares [plaintiff's] testimony to those findings." Plaintiff's Brief at p. 21. The court disagrees. RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. *Cohen v. Secretary of Health and Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992), quoting 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Credibility determinations are part of the RFC assessment. *See* SSR 96-8p, 1996 WL 374184 at *7 (July 2, 1996) ( "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence"). *See generally, Cohen*, 964 F.2d at 529 ("[a]n individual's statement as to pain or other

symptoms shall not alone be conclusive evidence of disability") quoting 42 U.S.C. § 423(d)(5)(A) (emphasis omitted).

Here, the ALJ's decision followed the five step sequential process, determining the RFC at the fourth step. The ALJ stated his RFC determination in bold face print at ¶ 5 of the decision, and then explained this determination with two pages of supporting facts and analysis (AR 14-16). The court views the ALJ's credibility finding, i.e., that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" (AR 16), to be part of the RFC determination. Ultimately, the ALJ found plaintiff credible only as to those restrictions as set forth in the RFC.

Third, plaintiff contends that the credibility finding is not supported by substantial evidence. Plaintiff's Brief at pp. 22-25. The court, again, disagrees. The ALJ has pointed out contradictions between the medical records, claimant's testimony, and other evidence. *Walters*, 127 F.3d at 531. Specifically, the ALJ pointed out that plaintiff has never been hospitalized for psychiatric hospitalization problems, the lack of evidence that plaintiff suffers from psychosis or mania, the lack of evidence that plaintiff has been prescribed psychiatric medications, plaintiff's active search for employment (even though this is a requirement for state financial assistance) and her weekly volunteer work (AR 15). In addition, the medical expert, Dr. Khushalani, felt that plaintiff could work, provided that she was restricted to limited public contact, simple job instructions and 1 and 2 step operations (AR 15).

Finally, plaintiff points to her employment record as evidence that she has a history of problems maintaining employment on a sustained basis. Plaintiff's Brief at pp. 3, 25. Plaintiff

11

notes that she had 30 different employers between 1998 and 2006, with her highest earning year being 2005, when she made under $9,000.00 (AR 125-28). *Id.* This line of argument is unpersuasive. Plaintiff has a history of substance abuse, including the use of intravenous drugs (AR 297). Plaintiff advised the consultative examiner that she was placed in the county jail eight times, had one felony, and has been clean since May 2007 (AR 297). The record reflects that her most recent discharge from jail was in June 2007 (shortly after she became clean) (AR 215). The time period cited by plaintiff as evidence of her inability to maintain work (1998 through 2006) falls within the time that she was admittedly an active substance abuser with multiple incarcerations (and before her alleged disability onset date of March 30, 2008). Given this lifestyle, it is not surprising to the court that plaintiff was unable to maintain steady employment.

### IV. Conclusion

The ALJ's determination is supported by substantial evidence. Accordingly, the Commissioner's decision will be affirmed pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion shall be issued forthwith.


Dated:  September 24, 2012                     /s/ Hugh W. Brenneman, Jr.
                                               HUGH W. BRENNEMAN, JR.
                                               United States Magistrate Judge